Mark Pifko, Esq. (SBN 228412)
Steve Baron, Esq. (*Pending Pro Hac Vice*)
Kathryn Pryor, Esq. (*Pending Pro Hac Vice*)
**BARON & BUDD, P.C.**
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Telephone: 214/521-3605; 800/222-2766
Facsimile: 214/520-1181

Paul R. Kiesel, Esq. (SBN 119854)
**KIESEL LAW LLP**
8648 Wilshire Blvd.
Beverly Hills, CA 90211-2910
Telephone: 310/854-4444
Facsimile: 310/854-0812

ATTORNEYS FOR PLAINTIFFS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MICHAEL SPIELMAN and LORETTA SPIELMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> PAUL H. GESSWEIN CO., INC., <br><br> Defendant. | CIVIL ACTION NO. _____ <br><br> **PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT** |

-1-

PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT

# I.
# INTRODUCTION

1. Plaintiffs Michael and Loretta Spielman bring this action as a result of the breach of the binding contract between Mr. and Mrs. Spielman ("Plaintiffs" or "the Spielmans") and Defendant Paul H. Gesswein Co., Inc. ("Defendant" or "Gesswein"). Mr. Spielman is terminally ill. His fatal disease was caused by Gesswein. Accordingly, Mr. Spielman and his wife brought a personal injury action against Gesswein, and it proceeded to trial in the Superior Court of the State of California for Los Angeles County.

2. After a jury was seated and trial began, Gesswein entered into a written contract – a settlement agreement – with Plaintiffs. *See* Exhibit A, April 5, 2017 Settlement Agreement ("Contract"). Based on the Contract the trial was stopped. Pursuant to the Contract, payment of the settlement funds by Gesswein was to be made no later than 30 days after the Plaintiffs returned to Gesswein the properly executed Compromise and Release, in the form attached to the Contract as Exhibit A. The required properly executed Compromise and Release was received by Gesswein on April 12, 2017. *See* Exhibit D, Proof of Federal Express Delivery to Gesswein. Accordingly, the settlement funds were due no later than May 12, 2017. The Contract specifically stated, "No other documents will be necessary to effectuate this settlement." Exhibit A at 1. Plaintiffs have fully

-2-

PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT

performed all of their obligations under the Contract. Despite repeated requests from Plaintiffs' counsel, Gesswein has refused to make payment, in clear and unequivocal contravention of the Contract.

## II.
## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to Mr. and Mrs. Spielman's claims arose in this District, namely the negotiations leading to and the execution of the Contract.

5. Further, the Contract provides that the agreement shall be enforceable under California law. Exhibit A to Exhibit A, Compromise and Release ("Release") at ¶ 5, subp. h.

6. Finally, Defendant maintains sufficient minimum contacts with the State of California, including but not limited to conducting business in the State of California through sales of its products, advertising in the State of California, and ultimately entering into an agreement with California residents Mr. and Mrs.

PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT

Spielman, such that an exercise of jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

### III.
### PARTIES

7. Plaintiff Michael Spielman is an individual who is a citizen of the State of California and resides in Los Angeles County, California.

8. Plaintiff Loretta Spielman is an individual who a citizen of the State of California and resides in Los Angeles County, California.

9. Defendant Paul H. Gesswein Co., Inc. is a Connecticut corporation with its principal place of business in Connecticut.

### IV.
### STATEMENT OF FACTS

10. Mr. Spielman is dying from a terminal cancer caused by Defendant.

11. Accordingly, Mr. and Mrs. Spielman brought an action for personal injuries against Gesswein in the Superior Court of the State of California for Los Angeles County for damages arising from injuries to Mr. and Mrs. Spielman caused by Gesswein.

12. On April 5, 2017, following two days of jury selection and after the jury was seated, the parties reached a written contract to resolve the claims between them. *See* Exhibit A.

PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT

13. Specifically, Gesswein induced the Spielmans to release all personal injury claims, all loss of consortium claims, and all wrongful death and survival claims in exchange for a monetary sum. *See* Exhibit A.

14. Pursuant to the Contract, payment of the settlement amount was to be made no later than 30 days after the Plaintiffs returned to Gesswein the properly executed Compromise and Release. *See* Exhibit A at 1.

15. Plaintiffs sent the properly executed Compromise and Release via Federal Express to Mr. Kaniewski's office on April 11, 2017. *See* Exhibit B, executed Compromise and Release; Exbibit C, April 11, 2017 Letter from Rachel Casias to John A. Kaniewski enclosing the executed Compromise and Release; Exhibit D, Proof of Federal Express Delivery to Gesswein.

16. The Contract states that it is enforceable pursuant to Section 664.6 of the California Code of Civil Procedure and that a prevailing party in any action to enforce the agreement "<u>shall</u>" be entitled to recover actual attorneys' fees and costs incurred in enforcing the Contract. Exhibit A to Exhibit A, Compromise and Release at ¶ 5, subp. h (emphasis added).

17. Gesswein still has not paid Mr. and Mrs. Spielman any of the sum owed to them whatsoever.

18. Counsel for Plaintiffs has made nearly daily request for payment.

-5-

PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT

19. Despite repeated opportunities to pay the funds, Defendant has shown no intention to do so.

20. Defendant is in breach of its Contract with Mr. and Mrs. Spielman.

21. All conditions precedent to the bringing of this suit have occurred or have been performed.

## V.
## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

22. Mr. and Mrs. Spielman repeat and reallege paragraphs 1 through 21 as if fully set forth herein.

23. Mr. and Mrs. Spielman entered into a binding written contract with Defendant.

24. Mr. and Mrs. Spielman have performed all of their obligations under the terms of the Contract by executing and returning a signed copy of the Compromise and Release to Defendant on April 11, 2017, which was received by Defendant on the morning of April 12, 2017. *See* Exhibit D, Proof of Federal Express Delivery to Gesswein.

25. Defendant was required to issue payment within 30 days of receipt of the executed Compromise and Release from Mr. and Mrs. Spielman. *See* Exhibit A at 1.

-6-

PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT

26. As of the date of filing this suit, Defendant has yet to make any payment to Mr. and Mrs. Spielman.

27. Defendant has breached the Contract with Mr. and Mrs. Spielman in that it has failed and refused to pay Mr. and Mrs. Spielman pursuant to the terms of the Contract. *See* Exhibit A, Settlement Agreement; Exhibit B, properly executed Compromise and Release; Exhibit C, April 11, 2017 Letter from Rachel Casias to John A. Kaniewski enclosing the executed Compromise and Release; Exhibit D, Proof of Federal Express Delivery to Gesswein.

28. As a direct and proximate result of Defendant's breach of contract, Mr. and Mrs. Spielman have suffered damages.

## VI.
## PRAYER FOR RELIEF

In view of the foregoing and in light of the binding settlement agreement between the parties (attached as Exhibit A), Mr. and Mrs. Spielman respectfully request that the Court enter judgment in favor of Mr. and Mrs. Spielman as follows:

1. Payment of the outstanding portion of the agreed settlement sum, plus any additional damages incurred as a direct and proximate result of Defendant's breach of contract;

2. An award of attorneys' fees and costs;

-7-

PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT

3. Pre-judgment interest on the overdue settlement sum from and after May 12, 2017;

4. Post-judgment interest; and

5. Any further relief to which Plaintiffs may be entitled.

**Dated**: May 30, 2017                    Respectfully Submitted,


By: /s/ Paul R. Kiesel
Paul R. Kiesel, Esq. (SBN 119854)
**KIESEL LAW LLP**
8648 Wilshire Blvd.
Beverly Hills, CA 90211-2910
Telephone: 310/854-4444
Facsimile: 310/854-0812

Mark Pifko, Esq. (SBN 228412)
Steve Baron, Esq. (*Pending Pro Hac Vice*)
Kathryn Pryor, Esq. (*Pending Pro Hac Vice*)
**BARON & BUDD, P.C.**
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Telephone: 214/521-3605; 800/222-2766
Facsimile: 214/520-1181

-8-

PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT