**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-04006 BRO (AFMx) | Date | June 7, 2017 |
|----------|------------------------|------|--------------|
| Title | MICHAEL SPIELMAN V. PAUL H. GESSWEIN CO., INC. | | |

Present: The Honorable    **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|-----------------|-------------|-----|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION

Plaintiffs Michael and Loretta Spielman ("Plaintiffs") filed a Complaint in this Court on May 30, 2017, against Defendant Paul H. Gesswein Co. ("Defendant"). (*See* Dkt. No. 1 (hereinafter, "Compl.").) Plaintiffs bring one state-law cause of action for breach of contract. (*See id.*) According to Plaintiffs, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000. (*See* Compl. ¶ 3.) However, Plaintiffs fail to support their damages allegations.

A federal court must determine its own jurisdiction, even where there is no objection to it. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under § 1332, the Court has federal subject matter jurisdiction so long as all plaintiffs are diverse from all defendants and the amount in controversy is, at minimum, $75,000. *See* 28 U.S.C. § 1332(a). Plaintiffs' Complaint does not adequately establish the amount in controversy requirement here.

Though Plaintiffs allege in a conclusory manner that the amount in controversy exceeds $75,000, (*see* Compl. ¶ 3), Plaintiffs provide no support for this assertion. The purpose of Plaintiffs' Complaint is to enforce a settlement agreement reached between the parties in related litigation proceeding in the Superior Court of California, County of Los Angeles. (*See* Compl. ¶¶ 11–20.) Thus, it appears that Plaintiffs contend that the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-04006 BRO (AFMx) | Date | June 7, 2017 |
|----------|------------------------|------|--------------|
| Title | **MICHAEL SPIELMAN V. PAUL H. GESSWEIN CO., INC.** | | |

amount of the settlement agreement—the amount in controversy here—exceeds $75,000. But Plaintiffs never indicate the amount of the settlement agreement and though they attach a copy of the settlement agreement to their Complaint, they redact the amount of settlement and have not provided the Court with an unredacted version. (*See* Compl., Ex. A.) Therefore, the Court is unable to verify that the amount in controversy here exceeds $75,000.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file its response to this Order **no later than Wednesday, June 14, 2017, at 4:00 p.m.** Plaintiffs may file their response to this Order under seal so that they may inform the Court of the settlement amount in the underlying litigation.

**IT IS SO ORDERED.**

                                                                    :

                            Initials of Preparer              rf